UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LOPEZ,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHAEL ST. CLAIR; PATRICIA ST. CLAIR; ST. CLAIR ENTERPRISES, INC., a California Corporation; and Does 1-10,<br><br>        Defendants. | Civil No. 14-cv-2145-LAB (DHB)<br><br>**SCHEDULING ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Case Management Conference was held before Magistrate Judge David H. Bartick on February 17, 2015. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED:**

1. Counsel shall refer to the Standing Order in Civil Cases of the Honorable Larry A. Burns, which is accessible via the Court's website at ww.casd.uscourts.gov.

2. All parties shall fully comply with the Initial Disclosure requirements of Fed. R. Civ. P. 26(a)(1) by **March 17, 2015**.

3. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **April 20, 2015**.

1

4. Plaintiff (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **May 15, 2015**. Defendants (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **May 29, 2015**. On or before **June 12, 2015**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **August 21, 2015**. Any contradictory or rebuttal information shall be disclosed on or before **September 18, 2015**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

/ / /

2

14cv2145-LAB (DHB)

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

6. All discovery, other than expert discovery, shall be completed by all parties on or before **September 25, 2015**. All expert discovery shall be completed by all parties on or before **October 16, 2015**. "Completed" means that all discovery must be initiated a sufficient period of time in advance of the cutoff date, so that it may be <u>completed</u> by the cutoff date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Bartick's Civil Chambers Rules, which are posted on the Court's website.

7. All motions, other than motions to amend or join parties, or motions in limine, shall be <u>filed</u> on or before **November 16, 2015**. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. <u>Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days. Please plan accordingly.</u> Failure of counsel to timely request a motion date may result in the motion not being heard. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without such leave of court.

8. A Mandatory Settlement Conference shall be conducted on **February 1, 2016** at **2:00 p.m.** in the chambers of Magistrate Judge Bartick. Counsel shall submit settlement statements **directly** to Magistrate Judge Bartick's chambers no later than **January 25, 2016**.[1] The parties may either submit confidential settlement statements

---

[1] Statements under 20 pages in length, including attachments and exhibits, shall be e-mailed to chambers at efile_Bartick@casd.uscourts.gov. Statements exceeding 20

3

14cv2145-LAB (DHB)

or may exchange their settlement statements. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **The settlement conference briefs shall not be filed with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person at the conference</u>**. The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: 1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).

Governmental entities may appear through litigation counsel only. As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.** All conference discussions will be informal, off the record, privileged, and confidential.

---

pages in length, including attachments and exhibits, must be delivered directly to chambers.

9. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **February 15, 2016**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

10. Despite the requirements of Local Rule 16.1.f.2, neither party is required to file Memorandum of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Local Rule 16.1.f.6.b. The proposed pretrial order shall comply with Local Rule 16.1.f.6 and the Standing Order in Civil Cases issued by the Honorable Larry Alan Burns.

11. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **February 22, 2016**.

12. Counsel for the Plaintiff must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **February 29, 2016**.

13. Written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures shall be filed and served on or before **February 29, 2016**. **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

14. The Pretrial Order shall be lodged with the district judge's chambers on or before **March 7, 2016** and shall be in the form prescribed in Local Rule 16.1.f.6.c.

15. The final Pretrial Conference is scheduled on the calendar of the Honorable Larry Alan Burns on **March 14, 2016** at **11:45 a.m.** The trial date will be assigned by Judge Burns at the Pretrial Conference.

///

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: February 17, 2015

DAVID H. BARTICK
United States Magistrate Judge