UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LOPEZ,<br><br>                      Plaintiff,<br>   vs.<br>MICHAEL ST. CLAIR, et al.,<br><br>                    Defendants. | CASE NO. 14cv2145-LAB (DHB)<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |

      Daniel Lopez brings this lawsuit against the owners and operators of a Valero gas station located at 301 E. San Ysidro Blvd. in San Diego, California ("St. Clair Defendants"). (Docket no. 1.) He alleges that the gas station is not adequately accessible because the path of travel from the handicap parking space to the entrance of the gas station convenience store is too narrow. (*Id.*) He asserts a negligence claim and causes of action arising under the Americans with Disabilities Act, California's Unruh Civil Rights Act, and California's Disabled Persons Act. (*Id.*) Lopez has moved for summary judgment. (Docket no. 27.)

      The parties' arguments center on whether the removal of architectural barriers at the gas station would be "readily achievable."

      Lopez contends that the St. Clair Defendants could "simply . . . widen the walkway approximately one foot, and change the door leading into the store so that it swings inward,

rather than outward." (Docket no. 27 at 3.) As part of widening the walkway, he suggests that the St. Clair Defendants "remove the 4 inches of wainscoting around the building." (*Id.* at 7.) Lopez's proposal would reduce the distance between the convenience store curb and the gasoline dispenser island from 18' 4" to 17' 5". (Docket no. 35 ¶ 11.) The St. Clair Defendants maintain that removal isn't readily achievable because:

> (1) That space is currently used for parking and through-traffic, but under Lopez's proposal it will be too small to accommodate both functions, and patrons would need to use the public street to get from one side of the facility to the other. The size and circulation issues would preclude the City of San Diego from approving a building permit.
>
> (2) The difficulty and cost of obtaining a "Discretionary Building Permit" would be an undue-burden.
>
> (3) Even if a building permit wasn't required, they still couldn't go forward with Lopez's proposed changes because the San Diego Municipal Code forbids work that's in violation of the building regulations.
>
> (4) The brick facade wainscoting may be structural and not removable.
>
> (5) Lopez's proposal presents safety concerns caused by: cars attempting to pass in a parking lot with inadequate space; and the required removal of a cash drawer that allows cashiers to lock the front door and sell from a protected area.

(Docket no. 30.)

To support their arguments, the St. Clair Defendants rely on a request for Preliminary Review that their expert submitted to the City of San Diego, and the City's response. (*Id.* at 12.) The request asked:

> Improvements being considered are the widening of the private sidewalk ramp leading to the store. The widened sidewalk will encroach into an area now used to support vehicle circulation. An aisle now 18'-4" wide that allows two vehicles side-by-side (one vehicle fueling and one vehicle circulating) will be narrowed. The narrowed aisle would not support two vehicles side-by-side and circulation from one side of lot to the other would require the use of the adjacent public streets. Is the proposed situation allowable?

(*Id.*) The City responded:

> SDMC 142.0506 (d) (2) states: "Vehicular circulation from one aisle to another on the same premises shall not require the use of a public street."
>
> . . . This would preclude the design proposed."

(*Id.*) They also provided a report by their expert, Kirk Bradbury, to support their arguments. Docket no. 30, Exhibit 5 at 5–8; Exhibit 7 at 1–2.)

Lopez argues that the St. Clair Defendants waived any arguments based on financial considerations. Specifically, to resolve a discovery dispute, and to avoid producing financial information that it deemed sensitive, the St. Clair Defendants stipulated that, in determining whether the removal of a barrier is readily achievable,

> factors such as the (1) Stipulating Defendants' financial resources; (2) the facility's financial resources; (3) the "effect on expenses and resources"; and (4) impact on finances, shall NOT be raised by [the St. Clair Defendants ] as a defense as to why [they] cannot remedy and/or remove those alleged BARRIERS.

(Docket no. 27, Exhibit 10.) He also argues that: (1) the City's response to the St. Clair Defendants' request isn't determinative because it doesn't control a decision on a permit application, and the question didn't explain that the proposal was meant to meet ADA guidelines; (2) federal requirements supersede conflicting local law; (3) the safety concerns are speculative; and (4) Lopez's expert's report discusses an alternative method to achieve compliance, but the St. Clair Defendants don't address it. (Docket no. 33 at 2–8.)

**I.     Summary Judgment Standard**

Summary judgment is appropriate where the evidence shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All reasonable inferences from the evidence are drawn in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986).

If the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue

for trial." *Anderson*, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A genuine issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

## II.  Disability Discrimination Standard

Disability discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"The Ninth Circuit has yet to rule on whether the plaintiff or defendant bears the burden of proof in showing that removal of an architectural barrier is readily achievable, but the Ninth Circuit and several district courts within the Ninth Circuit have applied the burden-shifting framework set forth in *Colorado Cross Disability Coalition v. Hermanson Family, Ltd.*, 264 F.3d 999 (10th Cir. 2001)." *Yates v. Bacco*, 2014 WL 1089101, at *5 (N.D. Cal. Mar. 17, 2014) (internal brackets and quotation marks omitted). In *Colorado Cross*, the Tenth Circuit held that the plaintiff bears the initial burden of proving (1) the existence of an architectural barrier and (2) suggesting a method of removing the barrier that is "readily achievable," that is, "easily accomplishable and able to be carried out without much difficulty or expense." *Colorado Cross*, 264 F.3d at 1002–03. If the plaintiff satisfies his burden, the burden shifts to the defendants to show that removing the architectural barrier is not readily achievable. Defendants "bear[ ] the ultimate burden of persuasion that barrier removal is not readily achievable." *Id.* at 1003. *Colorado Cross*' burden-shifting framework applies here.

## III.  Consideration of Financial Factors

Lopez complains that, despite their stipulation, several of the St. Clair Defendants' arguments are tangentially related to their finances. (Docket no. 33 at 3.) In determining whether an action is readily achievable, factors to be considered include:

> (A) the nature and cost of the action needed . . . ;
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
>
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9)(A)–(D). Thus, "[t]he amount of [the St. Clair Defendants'] overall financial resources is only one of the factors to be considered." *Mannick v. Kaiser Found. Health Plan, Inc.*, 2006 WL 1626909, at *12 (N.D. Cal. June 9, 2006). In *Mannick*, the plaintiff's argument centered on the defendants' significant financial resources. *Id.* at *11. The court denied the plaintiff's summary judgment motion, explaining that he "ha[d] failed to incorporate the other factors into the calculus, such as the expense and difficulty of removing the barriers, [and] the impact of barrier removal on [the defendants'] ability to provide medical care to its patients." *Id.* at *12. Likewise, cost and burden remain relevant considerations here, even if their impact on the St. Clair Defendants' finances is not.

**IV.    Federal Preemption**

In response to the St. Clair Defendants' building permit arguments, Lopez's reply brief argues that federal accessibility requirements supersede conflicting local law. (Docket no. 33 at 3–5.) Congress has the power to preempt state law. U.S. Const. Art. VI, cl. 2; *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992). There are two types of implied preemption: conflict preemption and field preemption. *Montalvo v. Spirit Airlines*, 508 F.3d 464, 470 (9th Cir. 2007). Lopez relies on the former. (Docket no. 33 at 4.)

In all preemption cases, and particularly in those like this one where Congress has legislated in a field which the States have traditionally occupied, courts "start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Medtronic, Inc.*

*v. Lohr*, 518 U.S. 470, 485 (1996) (internal quotation marks omitted); *Yates*, 2014 WL 1089101, at *10.  Since Lopez is "the party who asserts that a state law is preempted," he "bears the burden of so demonstrating." *Holt v. Foodstate, Inc.*, 2015 WL 9592534, at *3 (S.D. Cal. Dec. 31, 2015).

To support his argument, Lopez relies on a conversation between his expert and the person that responded to his request for Preliminary Review. (Docket no. 33 at 5.) According to Lopez's expert, the reviewer "stated that the appropriate question for submission would be whether a building permit would be required to widen a private sidewalk to meet ADA guidelines, which defendants' submission did not mention." (*Id.*, Exhibit 3.) Lopez contends that this shows "the importance of indicating that the purpose of the project is to comply with ADA requirements." (*Id.* at 5.)  Lopez's argument doesn't establish that Congress meant to supersede state law governing the issuance of building permits. Indeed, "[r]emoval of barriers under the ADA is a conditional rather than absolute requirement"; it "may be excused if it is not 'readily achievable.'" *Yates*, 2014 WL 1089101, at *10. "Nothing in the ADA precludes the court from determining in a particular instance that 'readily achievable' includes consideration of whether a suggested repair would be permitted under a state building standard." *Id.*  Nor does it preclude consideration of the difficulty and expense involved with any permitting required to remove barriers.  And ADA regulations provide that "no measure shall be taken . . . that poses a significant risk to the health or safety of individuals with disabilities or others." 28 C.F.R. § 36.304(d)(3).  Lopez hasn't established preemption.

**V.     Lopez's Alternative Method**

Lopez's expert suggests a second method to remedy the gas station's compliance issue. (Docket no. 33, Exhibit 1.)  He recommends "creating a new door on the north side of the store and rearranging the interior of the store." (*Id.* at 6.)  Lopez didn't raise this argument in his summary judgment motion; he raised it for the first time in his reply.  Thus, the Court won't consider it. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008) (noting consideration of an argument first raised in a reply brief is discretionary).

## VI. Issues of Fact Remain

This case turns on whether removing barriers at the gas station is unduly difficult and expensive. The St. Clair Defendants argue that it is. Lopez argues that it is not. Both parties present evidence to support their position. And the evidence shows that there remains genuine issues of material fact.

## VII. Conclusion

Lopez's motion for summary judgment is **DENIED**. The parties shall contact Judge Bartick within four days of this order to reschedule all pretrial dates.

**IT IS SO ORDERED**.

DATED: September 6, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge