1  Guy J. Gilbert, Esq.  (SBN 092646)
   Carroll Gilbert & Bachor LLP
2  711 South Brea Boulevard
   Brea CA 92821
3  (714) 671-9963
   Email: GuyGilbert@CGBLaw.com
4

5  Attorneys for Defendants

6

7

8              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF CALIFORNIA
9

10

11 DANIEL LOPEZ,                          Case No: 3:14CV2145LAB DHB

12              Plaintiff                 DEFENDANTS' PRETRIAL
   vs.                                    DISCLOSURE
13
                                          Fed.R.Civ.P. 26(a)(3)
14 MICHAEL ST. CLAIR;
   PATRICIA ST. CLAIR;
15 ST. CLAIR ENTERPRISES, INC. a          District Judge: LARRY ALAN BURNS
   California Corporation; and DOES 1     Courtroom: 9
16 through 10, inclusive
                                          Magistrate Judge: DAVID H. BARTICK
17              Defendants.               Courtroom: Suite 1080

18                                        Complaint filed: 9/10/2014
                                          Final Pretrial Conference: 12/12/2016
19                                          Time: 12.15 p.m.
                                          Trial Date: none
20

21 The following information is disclosed pursuant to Fed.R.Civ.P. 26(a)(3) Pretrial Disclosure:

22 (1)   The identity of the party submitting information.

23 Defendants MICHAEL ST. CLAIR, PATRICIA ST. CLAIR and ST. CLAIR ENTERPRISES,
24 INC.

25 (2)   The names, addresses, and telephone numbers of all counsel for the party.

26      Guy J. Gilbert,
        Carroll Gilbert & Bachor LLP
27      711 South Brea Boulevard
        Brea, CA 92821
28

- 1 -
Defendants' Pretrial Disclosure

714-671-9963
Counsel for Defendants

(3) A brief summary of claims and relief sought. This is a case brought plaintiff who is paraplegic, alleging that defendants did not provide an accessible path of travel at Valero gas station located at 301 E. San Ysidro Blvd., San Diego, California.

(4) Prospects for settlement. Parties are very far apart despite concerted effort to settle at the settlement conference.

(5) The basis for jurisdiction and objections to jurisdiction. Federal Statute, None

(6) A list of pending motions. None

(7) A concise summary of the facts:

Case involves an "oblong box" style gas station that was built in 1970 and has not been structurally modified since then. The lot size, vehicle fueling area, and maneuvering areas for vehicles is small relative to the size of many modern service station facilities. Two of the four pumps are configured in tandem with a parking lane/fueling lane on each side (Pump Island 1) and are located nearest to the building. A travel lane for internal vehicle circulation is located between Pump Island 1 and the building. The traditional gas station "sales office" was long ago converted into a convenience store of only 247.5 sq. feet (16.5 ft by 15 ft). Defendants have been the owners and operators of the gas station since purchasing it "as is" from BPWCP (ARCO) in 2008.

Unfortunately, the path of travel leading from the handicap parking space into the entrance of the store at the gas station is not accessible because the path of travel is too narrow. The ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") standards is 36" width with minimum 32" "point" width for a wheelchair user. The width of the walkway leading to the building entrance of the convenience store at the gas station is only approximately 32 inches wide.

Creating an accessible path of travel is, however, not readily achievable by the defendants. Plaintiff has proposed that the solution would simply be to widen the walkway approximately one foot, remove a brick "facade" and change the sole entrance and exit door for the convenience store so that it swings inward, rather than outward, making the walkway 48"

Defendants' Pretrial Disclosure

wide and meeting the ADA requirement for landing width where a door swing inward.

Plaintiff has failed to show that his "simple solution" is easily accomplished and able to be carried out without much difficulty or expense because:

(a) Building permit for widening the walkway and vehicular circulation from one side of the facility to the other requiring the use of a public street would not be granted.

(b) The difficulty and cost of applying for a "Discretionary Building Permit" would be an undue-burden on defendants.

(c) Even if a building permit was not required, San Diego Municipal Code clearly state in §129.0203(e) that exemption for the necessity of a building permit does not authorize any work to be done in any manner in violation of the provisions of the Building Regulations.

(d) Plaintiff's assumption that the brick "facade" can be removed without difficulty is an assumption without support. The brick base of the way might be structural.

(e) Safety issues: the reduced width between widened walkway and pump island 1 would result in an unsafe condition for pedestrians, wheelchair users and motorists attempting to traverse through the remaining narrowed width. Also, ADA compliance would require the removal of a cash drawer used by night cashiers for safety.

(8) All proposed stipulations.

1. Plaintiff Daniel Lopez is disabled.
2. The Valero Gas Station is located at 301 East San Ysidro Blvd., San Diego, California.
3. Defendants Michael St. Clair and Patricia St. Clair purchased the real property at 301 East San Ysidro Blvd, San Diego, California, in January 2008, on which the Valero Gas Station is situated, currently, and in January 2013.
4. No structural or significant modification of the property has been made since its construction.
5. Defendant St. Clair Enterprises is a lessee of the real property located at 301 East San Ysidro Blvd, San Diego, California, and is the owner and operator of the Valero Gas Station ("subject property"), currently, and in January 2013.
6. Mr. Lopez visited the subject property on January 5, 2013.

7. Currently, and in January 2013, there is a walkway at the subject property that leads from the parking area, including an accessible parking space, and into the convenience store ("walkway")

8. Currently, and in January 2013, the width of the walkway measures approximately 32 inches wide.

9. The walkway does not meet the current, technical requirements under the ADAAG or the California Building Code.

10. In 1985, the City of San Diego issued a conditional use permit for the subject property which was not used and expired after 36 months.

11. Currently, and in January 2013, the width of the driveway between the walkway and Pump Island 1 is approximately 18 feet and 4 inches wide. Widening the walkway as Mr. Lopez proposes would reduce the width to 17' 5".

12. The Defendants are not raising any financial factors as part of a readily achievable defense.

13. The Defendants applied for a single disciplinary Preliminary Review with the City. The City stated that the design proposed by the Defendant would be precluded.

14. The Defendants have not applied for a ministerial building permit or a discretionary building permit with the City to widen the walkway leading to the convenience store at the subject property.

(9)  The issues of fact expected to be contested.

Defendants don't argue with the facts that Mr. Lopez is disabled and that he visited defendants' gas station in January 2013 or that he encountered a path of travel leading to the convenience store at the gas station that does not meet current ADA codes.

(10)  The issues of law expected to be contested.

Not all facilities that were constructed before the enactment of the ADA are required to be brought into compliance, where the means of achieving compliance is not readily achievable. Plaintiff ignores this defense, and has not met his burden of proof under the provisions of the ADA.

Plaintiff has failed to show that his "simple solution" is easily accomplished and able to be carried out without much difficulty or expense because:

1. Building permit for widening the walkway and vehicular circulation from one side of the facility to the other requiring the use of a public street would not be granted.
2. The difficulty and cost of applying for a "Discretionary Building Permit" would be an undue-burden on defendants.
3. Even if a building permit was not required, San Diego Municipal Code clearly state in §129.0203(e) that exemption for the necessity of a building permit does not authorize any work to be done in any manner in violation of the provisions of the Building Regulations.
4. Plaintiff's assumption that the brick "facade" can be removed without difficulty is an assumption without support. The brick base of the way might be structural.
5. Safety issues: the reduced width between widened walkway and pump island 1 would result in an unsafe condition for pedestrians, wheelchair users and motorists attempting to traverse through the remaining narrowed width. Also, ADA compliance would require the removal of a cash drawer used by night cashiers for safety.

(11) A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.

EXHIBIT LIST

| No | Marked | Admitted | Description |
|---|---|---|---|
| 1 | | | Kirk F. Bradbury Expert Witness Report with attachments, dated 9/4/2015 |
| 2 | | | Preliminary Review Application to City of San Diego dated 12/22/2015 (date of fee payment) and attachments. |
| 3 | | | Reviewer Issues Draft Dated 1/5/2016 by James Lundquist Declaration of James Lundquist, Dated 1/21/2016 |
| 4 | | | Declaration of James Lundquist, Dated 1/21/2016 |

| No | Marked | Admitted | Description |
|---|---|---|---|
| 5 | | | Property Profile |
| 6 | | | Cite Plan revised 10/29/2015 Exhibit 2 to Bishop deposition 1/18/2016 |
| 7 | | | Floor Plan Exhibit 3 to Bishop deposition 1/18/2016 |
| 8 | | | Photographs (2) Brick Structure base of Building External Wall by Michael St Clair. |
| 9 | | | Description Oblong Box Gas Station http://www.historycolorado.org/sites/default/files/files/OAHP/Guides/Style_oblong_gas.pdf |
| 9 | | | Photograph Night Security Drawer by Michael St Clair. |
| 10 | | | Kirk F. Bradbury Expert Witness Contradictory or Rebuttal Disclosure or Report Dated 10/2/2015 |
| 11 | | | Agreement for PMPA Sale of Real Estate dated 2007 |
| 12 | | | Grant Deed dated 1/29/2008 |
| 13 | | | Photographs (2) Building Entrance by Defendant's Counsel Guy Gilbert |
| 14 | | | Site Map dated 5/3/2012 |
| 15 | | | County of San Diego Parking Design Manual dated June 2012 |
| 16 | | | San Diego Planning Commission Resolution Granting Conditional Use Permit 515-PC dated 1/19/1978 |
| 17 | | | San Diego Planning Reports 236-6460 dated 3/10/1970 |
| 18 | | | Sam Diego Conditional Use Permit No 515-PC |
| 19 | | | Station Diagram Dated 1997/08/27 |
| 20 | | | P001 ADA Hatched Walkway and ramp photo by Michael St Clair. |
| 21 | | | Photos of Station by Michael St Clair: P009 IMG_0762-P083 IMG. |
| 22 | | | Extracts from Americans with Disabilities Act Title III Regulations |
| 23 | | | Extracts from ADA Standard for Accessible Design |
| 24 | | | Municipal Code Building Permit Required Ch12Art09Division02 |
| 25 | | | Municipal Code Queue Chap 14 Art 02 Div 05, Parking Regulations |
| 26 | | | Extracts from Municipal Code Definitions Ch11Art03Division01 |
| 27 | | | Defendants' Interrogatories to Plaintiff Set One with POS dated 8/4/2015 and associated responses. |
| 28 | | | Defendants' Request for Production of Doc to Plaintiff Set One with POS dated 8/4/2015 and associated responses. |
| 29 | | | Defendants' Requests for Admissions to Plaintiff Set One with POS dated 8/4/2016 and associated responses |

Carroll Gilbert & Bachor
A Limited Liability Partnership

(12) The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.

Expected to Present at Trial

### WITNESS LIST

| Name | Testimony | Address |
|---|---|---|
| Michael St. Clair | Defendant-1) History of ownership of the property and building; 2) Lack of modifications; 3) facts which make compliance not readily achievable. | 301 East San Ysidro Blvd San Ysidro, CA 92173 |
| Kirk F. Bradbury | Designated Expert Witness-He will testify as to factors that make compliance not readily achievable, including but not limited to: | 7777 Alvarado Road, Suite 606, La Mesa, CA 91942 |
| James J. Lundquist | Associate Engineer-Traffic, Civil & Transportation/Traffic Engineering Division of the City of San Diego Development Services Dept-1) Preliminary Review request submitted by Kirk Bradbury, P.E., Project Number 463329 for the Project Address: 300 E. San Ysidro Boulevard, San Diego, CA, 92173; 2) Preliminary Review application submitted to City of San Diego Development Services Dept; 3) e "Review Issues DRAFT" that I prepared stating Preliminary Review finding. | Development Services Department 1222 First Ave., MS 301 San Diego, CA 92101-4101 |

(13) The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery. Completed, Discovery deadline for regular and expert discovery has passed.

(14) Estimate of the length of trial and suggestions for expediting disposition of the action. If Jury Trial 5 days, if bench trial 2 days.

Carroll Gilbert & Bachor LLP

By: _____s/Guy Gilbert
Guy J. Gilbert, Esq.
Attorney for defendants

- 7 -
Defendants' Pretrial Disclosure

# PROOF OF SERVICE VIA ELECTRONIC MAIL TRANSMISSION

I am a citizen of the United States and employed in the City of Brea, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 711 South Brea Boulevard, Brea, California 92821-5310.

On **Monday, November 7, 2016**, I served the within document described as:

**DEFENDANTS' PRETRIAL DISCLOSURE**

**BY ELECTRONIC MAIL TRANSMISSION:** via the United States District Court, Southern District of California's CM/ECF system. I caused the listed documents to be electronically filed and subsequently emailed to the recipient(s).

MARK D. POTTER, ESQ.
PHYL GRACE, ESQ.
CENTER FOR DISABILITY ACCESS
PO BOX 262490
SAN DIEGO, CA 92196-2490
ATTORNEY'S FOR PLAINTIFF
mark@potterhandy.com

I declare under penalty of perjury that the foregoing is true and correct, that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that this Declaration was executed on **Monday, November 7, 2016**, at Brea, California.

Christine Pacheco