UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DANIEL LOPEZ, | CASE NO. 14cv2145-LAB (DHB) |
|---|---|
| Plaintiff, | **ORDER RE: PRETRIAL CONFERENCE** |
| vs. | |
| MICHAEL ST. CLAIR, et al., | |
| Defendants. | |

The Court held a pretrial conference in this case on December 12, 2016. This order memorializes the conference and issues three rulings.

*First*, the Court orders Lopez to show cause why the Court shouldn't dismiss the action for lack of standing. Lopez lives in Los Angeles. He's visited the St. Clair's gas station three times and "would like to return." (Dkt. 1.) What's more, Lopez's counsel admitted he doesn't know when or why Lopez would visit the St. Clair's gas station again. Lopez's "'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be" don't appear to meet the requirements for standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992).

Even if Lopez outlines more concrete plans, he still lacks standing "if his alleged intent to return is not genuine." *Chapman v. Pier 1 Imports*, 631 F.3d 939 (2011) (en banc) (vacating summary judgment because district court should have dismissed ADA complaint for lack of standing). The Court orders Lopez to show cause why this action shouldn't be dismissed for lack of standing by filing a memorandum on or before December 23, 2016.

1  The St. Clair's may file a response on or before December 30, 2016. The Court will decide
2  the issue on the briefs.[1]

3      *Second*, the Court finds that Daniel Lopez's state-law claims for negligence, violations
4  of the Unruh Civil Rights Act, and violations of the California Disabled Persons Act,
5  substantially predominate over his federal claim under the Americans with Disabilities Act.[2]
6  The Court declines to exercise supplemental jurisdiction for the same reasons articulated
7  in *Schutza v. McDonald's Corp.*, a clone-case decided last year by the Honorable William
8  Q. Hayes. *Schutza v. McDonald's Corp.* 133 F. Supp. 3d 1241, 1247–48 (S.D. Cal. 2015).
9  The Court dismisses Lopez's three state-law claims without prejudice.

10      *Third*, assuming Lopez establishes that he has standing, the Court schedules trial for
11  February 17, 2017, at 1 p.m., limited to the issue whether injunctive relief should be granted.
12  Each side has 90 minutes to present their case. The Court will issue a revised pretrial order
13  after ruling on standing, but refers both parties to Local Rule 16.1 and Standing Order
14  ¶ 12–13.

15  **IT IS SO ORDERED**.

17  DATED: December 12, 2016

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

26  [1] Lopez addressed standing in the last paragraph of his summary judgment motion (Dkt. 27-1), but the Court asks for additional briefing to address the concerns expressed above.

28  [2] Lopez didn't mention negligence in the proposed pretrial order, but his complaint still alleges the claim. (Dkt. 45-1.)